IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA FOUGHTY, *individually and as executrix of the estate of William Foughty*,

    Plaintiff,

       v.

CLEAVER-BROOKS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-3074-TWT

## OPINION AND ORDER

This is an ERISA action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 10] and the Plaintiff's Motion for Leave to File Supplemental Brief [Doc. 16]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 10] is DENIED, and the Plaintiff's Motion for Leave to File Supplemental Brief [Doc. 16] is DENIED as moot.

## I.   Background[1]

This case arises from the denial of a life insurance benefit for the Plaintiff's late husband. (Compl. ¶ 64). Her husband, William Foughty, was an employee of the Defendant Cleaver-Brooks, Inc., when he was diagnosed with brain cancer in May 2020. (*Id.* ¶¶ 8, 15). The Plaintiff claims that though she worked diligently to ensure his life insurance policy would remain active

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

through the time of his death, Cleaver-Brooks provided false and misleading information that ultimately resulted in the life insurer, Reliance Standard, denying her claim. (*Id.* ¶¶ 8, 16, 20–21).

After Reliance Standard upheld the denial of her claim, the Plaintiff sued Reliance Standard and ultimately settled the case for the full benefit amount plus interest. (*Id.* ¶¶ 78, 80). The settlement carved out and preserved the Plaintiff's claims against Cleaver-Brooks for breach of fiduciary duty. (*Id.* ¶ 81). On July 11, 2023, the Plaintiff filed the present action, claiming that the Defendant breached its fiduciary duties under ERISA § 502(a)(3). She alleges that she was not "made whole" by the settlement with Reliance Standard because she incurred considerable attorneys' fees in challenging the denial of the life insurance benefit. (*Id.* ¶¶ 82–83). The Defendant now moves to dismiss the Plaintiff's § 502(a)(3) claim for failure to state a claim.

## II.  Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court

must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.   Discussion

The Defendant moves to dismiss the Plaintiff's breach of fiduciary duty claim under ERISA § 502(a)(3), arguing (1) that it did not breach any duties owed to the Plaintiff, (2) that the Plaintiff improperly seeks compensatory damages, and (3) that res judicata bars the claim. (Br. in Supp. of Def.'s Mot. to Dismiss, at 16–25). In response, the Plaintiff argues that the Defendant plausibly breached its fiduciary duties by providing inadequate advice on how to effectuate the extension of her husband's life insurance policy and that she is therefore entitled to "make whole" compensation under the equitable theory of surcharge. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1–2). She

3

also argues that res judicata does not bar her claim because her settlement with the life insurer, Reliance Standard, carved out and preserved her claims against the Defendant. (*Id.* at 2).

The Defendant's first argument—that it did not breach any duties owed to the Plaintiff—goes to the merits of her breach of fiduciary duty claim and is therefore inappropriate for consideration at the motion to dismiss stage. (*See e.g.*, Br. in Supp. of Def.'s Mot. to Dismiss, at 16–28 ("First, Cleaver-Brooks took all steps necessary to extend the Benefit under the terms of the Plan, and Reliance Standard had actual knowledge that Plaintiff and Cleaver-Brooks intended on extending the Benefit through to November 2021. . . . Second, Cleaver-Brooks rectified any issues regarding conversion well before Plaintiff filed suit against Reliance Standard.")).[2] But the Court considers her second and third arguments regarding equitable surcharge and res judicata in turn.

---

[2] The Defendant declines to address the Plaintiff's argument that it plausibly pleads all three elements of a breach of fiduciary duty claim. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 6–13). The Defendant chooses instead to rest on its position that the Plaintiff's allegations in its prior lawsuit against Reliance Standard contradict all of its allegations against the Defendant here and therefore bar the Plaintiff's claim in this case. (Reply Br. in Supp. of Def.'s Mot to Dismiss, at 3–8). The Court declines to engage in a fact-finding inquiry to determine whether the Plaintiff's allegations in the prior suit against Reliance Standard totally contradict its allegations against the Defendant in this case, such that its claim would be precluded. At this stage, it is sufficient that the Plaintiff's allegations state a plausible breach of fiduciary duty claim against the Defendant.

### A. Equitable Surcharge

The Defendant contends that although ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), allows only for equitable relief, the Plaintiff (improperly) seeks compensatory relief for the alleged breach of fiduciary duty. (Br. in Supp. of Def.'s Mot. to Dismiss, at 19). In response, the Plaintiff claims that an award of money damages under a surcharge theory is an appropriate remedy to a fiduciary breach. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 2).

The legal backdrop to the availability of equitable surcharge as a remedy to a fiduciary's breach under ERISA § 502(a)(3) is an extensive one. In *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993), the Supreme Court affirmed that "equitable relief" under § 502(a)(3) refers to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)" before the merger of the courts of law and equity. Accordingly, the Supreme Court in *Mertens* held that equitable relief under § 502(a)(3) precluded an award of compensatory damages against a nonfiduciary who knowingly participated in a fiduciary's breach of fiduciary duty. *Id.* at 251, 255. But the Supreme Court has recognized that certain kinds of compensatory relief were available in equity and therefore warrant relief under § 502(a)(3). *CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011) (holding that money damages flowing from the reformation of the terms of an ERISA plan were an appropriate equitable "surcharge" for a claim against a

fiduciary under § 502(a)(3)). The "defendant's status as a fiduciary makes a 'critical difference' in the availability of monetary equitable relief." *Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 915 (11th Cir. 2022) (quoting *Amara*, 563 U.S. at 442). Under this backdrop, the Eleventh Circuit has noted that "every circuit court to address the issue has recognized that Section 1132(a)(3) creates a cause of action for monetary relief for breaches of fiduciary duty."[3] *Id.* at 914–15. This Court is bound to reach the same conclusion.

*Mertens* does not govern the issue because the plaintiff in that case sought money damages from a nonfiduciary. *Id.* at 915. Nor does *Pottayil v. ThyssenKrupp Elevator Corp.*, 2018 WL 11489283 (N.D. Ga. Oct. 9, 2018), require a different holding here. This Court in *Pottayil* dismissed the plaintiffs' § 502(a)(3) claim because it incorporated by reference the allegations of its § 502(a)(1)(B) claim, which thereby precluded a finding that the plaintiffs had properly pleaded alternative theories of relief under § 502(a)(1)(B) and (a)(3).

---

[3] The Court acknowledges that the Fourth Circuit recently held that "[a] plaintiff can recover money under § 502(a)(3) only if a court of equity could have awarded it in a concurrent-jurisdiction case" and that "a court of equity could award money when a plaintiff pointed to specific funds that he rightfully owned but that the defendant possessed as a result of unjust enrichment." *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 500 (4th Cir. 2023). The Fourth Circuit reasoned that the Supreme Court's opinion in *Montanile v. Board of Trustees*, 577 U.S. 136 (2016), impliedly overruled the discussion in dicta of surcharge as an equitable remedy in *Amara*. *Rose*, 80 F.4th at 504. Even if that holding is correct (a holding on which the Court passes no judgment), the Court here is bound to follow the Eleventh Circuit's binding precedent in *Gimeno* and therefore declines to extend the reasoning in *Rose* to the present case.

*Id.* at *10–11. Such a technicality is not at issue in this case because the Plaintiff brings only one claim: her § 502(a)(3) claim against the Defendant. Accordingly, the Plaintiff's equitable surcharge claim is properly pleaded.

The Defendant argues that allowing equitable surcharge as a remedy here will encourage fully insured ERISA plaintiffs in similar circumstances to first sue their plan's insurer to recover their benefit and then proceed against their employer in a separate action to make up any difference in recovery. (Br. in Supp. of Def.'s Mot. to Dismiss, at 3). In a similar regard, the Defendant also argues the Plaintiff has an adequate remedy at law against Reliance Standard, which bars its claim against the Defendant. (*Id.* at 20; Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 13). True, the Supreme Court has established that "where Congress elsewhere provided adequate relief [under ERISA] for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). And the Eleventh Circuit has made clear that in making the assessment, district courts should consider whether the allegations supporting the plaintiff's § 502(a)(3) claim are sufficient to state a claim under (a)(1)(B). *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004); *Williamson v. Travelport, LP*, 953 F.3d 1278, 1297 (11th Cir. 2020). But the Court here cannot conclude that the Plaintiff has an adequate remedy at law under § 502(a)(1)(B) against the Defendant. Because

the Plaintiff's ERISA plan was fully insured, its recourse to recover benefits due under the plan was against Reliance Standard, not the Defendant. Thus, the Plaintiff's allegations in this case are insufficient to state a claim against the Defendant under § 502(a)(1)(B). As for whether allowing equitable surcharge as a remedy in this case encourages fully insured ERISA plaintiffs to proceed first against their insurer and then their employer, the Defendant offers (and the Court finds) no legal authority prohibiting such a proceeding. Absent such authority, the Court cannot conclude that the Plaintiff's elected procedure bars her § 502(a)(3) claim against the Defendant.

### B. Res Judicata

The Court next considers whether res judicata bars the Plaintiff's § 1132(a)(3) claim. The doctrine of res judicata bars a subsequent action if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (citation omitted).

The Defendant relies on *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 892–94 (8th Cir. 2005), in support of its position that it stands in privity with Reliance Standard. (Br. in Supp. of Def.'s Mot. to Dismiss, at 23–24). But the Plaintiff contends, in response, that *Daley* is inapposite because the employer in that case (Marriott) self-funded the benefit plan, "meaning the employer was

8

liable for any benefits payable under the plan." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 22–23 ("Thus, where the claimant previously sued the plan, a judgment against the plan in that earlier suit would have bound the employer to pay benefits.")). The Plaintiff reasons that the present case is distinguishable from *Daley* because Reliance Standard insured the plan and was solely liable for paying benefits due, and therefore, a judgment against Reliance Standard would not affect the Defendant in any way. (*Id.* at 23).

The Court agrees with the Plaintiff. The relationship between the Defendant and Reliance Standard is not one of traditional privity:

> "Privity" describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty. This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in property, where the nonparty controlled the original suit, where the nonparty's interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interests in the same property right.

*Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) (citations omitted). None of the types of privity relationships specified under Eleventh Circuit precedent describe that of the Defendant and Reliance Standard. The Defendant claims that it funded the plan and that as the plan's administrator and sponsor, it is in privity with the plan. (Br. in Supp. of Def.'s Mot. to Dismiss, at 23; Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 13). But as the Plaintiff notes, the Defendant declines to analogize to any of the

examples listed in *Hart* that might support its claim of privity. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 21). And the Defendant's funding, sponsoring, and administering the plan do not alone require a finding of privity here. Indeed, as the Plaintiff points out, that Reliance Standard agreed to carve out the claims against the Defendant in its settlement is itself evidence of the fact that it lacked privity with the Defendant. (*Id.* at 22). Under these circumstances, the Court cannot conclude that privity exists between the Defendant and Reliance Standard. *See Butler v. FCA US, LLC*, 119 F. Supp. 3d 699, 706 (E.D. Mich. 2015). Because the Defendant was not in privity with Reliance Standard in the prior suit, res judicata does not bar the Plaintiff's § 502(a)(3) claim in this suit.

*Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003), does not require a different holding here. The plaintiffs in *Ogden* had previously sued the husband's employer, Blue Bell, over non-payment of medical benefits under ERISA in a prior case in Alabama state court that the court ultimately dismissed for failure to move for a default judgment. *Id.* at 1285–86. After the plaintiffs then sued Blue Bell a second time on the same facts, the district court held that res judicata barred their claim for legal relief but that they were entitled to equitable relief under ERISA § 502(a)(3). *Id.* at 1286. On appeal, the Eleventh Circuit held that "an ERISA plaintiff ha[d] no cause of action under Section 502(a)(3) where Congress provided for an

adequate remedy elsewhere in the ERISA statutory framework, even if res judicata now bar[red] the adequate remedy provided." *Id.* at 1285. Such factual circumstances are distinguishable from the present case, where the Plaintiff proceeded against a different defendant, Reliance Standard, than the one she proceeds against here. As the Court concluded previously, the Plaintiff does not have a remedy at law under § 502(a)(1)(B) against the Defendant. Thus, her only option is to proceed against the Defendant under § 502(a)(3).[4] Having found that res judicata does not bar the Plaintiff's equitable surcharge claim, the Court concludes that the Defendant has failed to carry its burden in support of dismissal.

## IV.   Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 10] is DENIED, and the Plaintiff's Motion for Leave to File Supplemental Brief [Doc. 16] is DENIED as moot.

SO ORDERED, this ___3rd___ day of November, 2023.

THOMAS W. THRASH, JR.
United States District Judge

---

[4] That the Plaintiff and Reliance Standard in their settlement agreement preserved the Plaintiff's claims against the Defendant is also sufficient to bar any res judicata effect here. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 16–18, 24–25 (citing *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288–89 (11th Cir. 2004))).